# United States Bankruptcy Court
## District of Massachusetts

## CHAPTER 13 PLAN

Filing Date: _____   Docket #: _____

Debtor: **Sousa, Saul J.** _____   Co-Debtor: _____

SS#: **8154** _____   SS#: _____

Address: **413 West Britannia Street** _____   Address: _____

**Taunton, MA  02780** _____   _____

_____   _____

Debtor's Counsel:

**Smeloff & Benner**
**100 Grossman Drive - Suite 305**
**Braintree, MA  02184**

**(781) 843-2323**
**(781) 843-2324**

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

# United States Bankruptcy Court
## District of Massachusetts

## CHAPTER 13 PLAN

Docket#:

DEBTORS: (H) **Sousa, Saul J.** _____ SS# **8154** _____
         (W) _____ SS# _____

TERM OF THE PLAN **60** Months.
(If the plan is longer than thirty-six (36) months and debtor's plan is governed by 11 U.S.C § 1322 (d)(2), a statement of cause under must be attached hereto.)
**STATEMENT OF CAUSE: The Debtor(s) is hereby required to extend the Plan to 60 months due to his income.**

PLAN PAYMENT: Debtor(s) to pay monthly: $ **300.00**.

## I. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **None** | | |
| | Total of secured claims to be paid through the Plan: $ | **0.00** |

B. Claims to be paid directly to creditors (not through plan):

| Creditor | Description of Claim |
|---|---|
| **Crescent Credit Union** | **1st Mortgage 413 W. Britannia Street** |

## II. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

B. All Other Priority Creditors:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |
| | Total of Priority Claims to Be Paid Through the Plan: $ | **0.00** |

## III. ADMINISTRATIVE CLAIMS:

A. Attorneys fees (to be paid through the Plan): $ **0.00**.

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## IV. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of **8.77%** of their claims.

A. General unsecured claims: _____ $ **114,988.00**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Sovereign Bank | 2nd Mortgage 413 W. Britannia Street | 69,670.00 |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

Total of A + B + C unsecured claims: $ __184,658.00__

D. **Multiply total by percentage: $ 16,200.00.**
(Example: total of $38,500.00 x .22 dividend = $8,470.00)

D. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

Total amount of separately classified claims payable at **100**%: $ __0.00__

## V. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund Plan:

B. Modification of Secured Claims: Set forth details of modifications below or on attached sheets. This information should include name of creditor and detailed explanation of the modification. The total amount of the secured claim that is to be paid through the plan (inclusive of interest) should be set forth in Section I of this Plan.

C. Assumption/Rejection of Leases:
**None**

D. Miscellaneous provisions:
***CLAIM DUE TO SOVEREIGN BANK. Sovereign Bank second mortgage is wholly unsecured and shall be paid in accordance with the unsecured claims in the plan.
The Debtors residence located at 413 W. Britannia Street, Taunton, MA 02780 has a present value of $184,000. The Debtors residence is subject to a first mortgage to Crescent Credit Union. The balance due to Crescent Credit Union as of the date of the filing of the petition for relief was $187,106. Sovereign Bank is the holder of a second mortgage. The amount due to Sovereign Bank at the time of the filing of the petition for relief was $69,670.

Pursuant to 11 USC 1322(b)(2) this plan provides to modify the claim due to Sovereign Bank and treat such claim as an unsecured claim in its entirety.

The Order of Discharge to be entered in this case under 11 USC 1328(a) shall constitute a discharge of the mortgage held by Sovereign Bank and described hereinabove.

## CALCULATION OF PLAN PAYMENT:

| | |
|---|---|
| a. Secured claims (Section I-A Total): | $ 0.00 |
| b. Priority claims (Section II-A & B Total): | $ 0.00 |
| c. Administrative claims (Section III A & B Total): | $ 0.00 |
| d. Regular unsecured claims (Section IV – D Total): | $ 16,200.00 |
| e. Separately classified unsecured claims (Section IV – E Total): | $ 0.00 |
| f. Total of a + b + c + d + e above: | $ 16,200.00 |
| g. Divide (f) by .90 for total including Trustee's fee: Cost of Plan: | $ 18,000.00 |
| (This represents the total amount to be paid into the Chapter 13 Plan) | |
| h. Divide (g) Cost of Plan by Term of Plan: **60** months | |
| i. Round up to nearest dollar: Monthly Plan Payment: | $ 300.00 |
| | (Enter this amount on Page 1) |

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty ( 30 ) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make pre-confirmation adequate protection payments directly to the secured creditor.

**LIQUIDATION ANALYSIS**

I. Real Estate:

|  | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| List Each Address<br>**413 W. Britannia Street** | **184,000.00** | **256,776.00** |

Total Net Equity for Real Property:   $   0.00
Less Total Exemptions (Schedule C):   $   0.00
Available Chapter 7:                  $   0.00

II. Automobile

|  | Value | Lien | Exemption |
|---|---|---|---|
| Describe year, make and model<br>**2005 Hyunda Elantra (100K Miles)** | **4,650.00** | **0.00** | **4,650.00** |

Total Net Equity:                     $   4,650.00
Less Total Exemptions (Schedule C):   $   4,650.00
Available Chapter 7:                  $       0.00

III. All Other Assets (All remaining items on Schedule B): (Itemize as necessary)

Total Net Value:                      $   4,920.00
Less Exemptions (Schedule C):         $   4,920.00
Available Chapter 7:                  $       0.00

**SUMMARY (Total amount available under Chapter 7):**

Net Equity (I and II) Plus Other Assets (III) less all claimed exemptions: $ **0.00**.
Additional Comments regarding Liquidation Analysis:

Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

/s/ Richard D. Smeloff                                September 19, 2011
Debtor's Counsel                                      Date

Counsel's Address:
**Smeloff & Benner**
**100 Grossman Drive - Suite 305**
**Braintree, MA 02184**

Tel. # **(781) 843-2323**                  Email Address: **rsmeloff@msn.com**

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

/s/ Saul J. Sousa                                     September 19, 2011
Debtor                                                Date
                                                      September 19, 2011
Debtor                                                Date

## CERTIFICATE OF SERVICE

I, Richard D. Smeloff, Esq., hereby certify that I have served a copy first class mail, postage pre paid of the within Chapter 13 Plan to the attached distribution service list.


/s/ Richard D. Smeloff, Esq.
Richard D. Smeloff, Esq.

Aaron Galavotti
501 Judson Street
Raynham, MA   02767


Bank Of America
4060 Ogletown/stanton Rd
Newark, DE   19713


Barclays Bank Delaware
125 S West St
Wilmington, DE   19801


Barclays Bank Delaware
C/O Nationwide Credit, Inc.
1150 E. University Drive - First Floor
Tempe, AZ   85281


Bay State Gas
2025 Roosevelt Ave.
Springfield, MA   01104


Bk Of Amer
Po Box 1598
Norfolk, VA   23501


Cap One
Po Box 85520
Richmond, VA   23285


Crescent Credit Union
60 Crescent St
Brockton, MA   02301


Discover Fin Svcs Llc
Po Box 15316
Wilmington, DE   19850

Gemb/jcp
Po Box 984100
El Paso, TX   79998


Hsbc/bsbuy
Pob 15521
Wilmington, DE   19805


Kohls/capone
N56 W 17000 Ridgewood Dr
Menomonee Falls, WI   53051


Northern Leasing Syste
132 W 31st St Fl 14
New York, NY   10001


Northern Leasing Systems, Inc.
C/O Joseph I. Sussman, PC
132 West 31st Street - Suite 1320
New York, NY   10001


Sovereign Bank
15 Westminster St
Providence, RI   02903


Thd/cbna
Po Box 6497
Sioux Falls, SD   57117